**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

MAASHI M. S.,

        Petitioner,

v.

MARKWAYNE MULLIN, *Secretary of Homeland Security*; DAVID J. VENTURELLA, *Acting Director, Immigration and Customs Enforcement*;[1] DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; WARDEN, NORTHWEST REGIONAL CORRECTIONS CENTER,

        Respondents.

Case No. 26-cv-2387 (LMP/DJF)

**ORDER DENYING
HABEAS PETITION**

---

Abdiqani Jabane, **Jabane Law Office, Minneapolis, MN**, for Petitioner.

Pedro Del Valle, IV, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Maashi M. S. filed a petition for a writ of habeas corpus, asserting that he has been detained unlawfully by Respondents (the "Government") in violation of the Due Process Clause of the Fifth Amendment. *See generally* ECF No. 1. He seeks his immediate release or, alternatively, an individualized bond hearing. *Id.* at 4–5. For the reasons below, the Court denies Maashi M. S.'s petition.

---

[1] David J. Venturella is substituted in place of Todd M. Lyons pursuant to Federal Rule of Civil Procedure 25(d).

**BACKGROUND**

Maashi M. S. is a native and citizen of Somalia. ECF No. 1 at 2. In the early morning hours of March 28, 2026, U.S. Customs and Border Patrol ("CBP") agents encountered Maashi M. S. lying in a field near Noyes, Minnesota, along the border between the United States and Canada. ECF No. 7-2 at 3. Maashi M. S. admitted to having entered the United States from Canada by "walking through open field," and the agents took him into custody. *Id.* In custody, Maashi M. S. admitted to illegally crossing the border into the United States and that he was "attempting to travel back to Minneapolis." *Id.* He has remained in custody of the Government since, and removal proceedings are ongoing. ECF No. 1 at 1; ECF No. 7-3.

Neither Maashi M. S. nor the Government provides significant information about Maashi M. S.'s past. In the petition, Maashi M. S. simply states that he "previously traveled to Canada due to fear of detention and removal" and "was subsequently returned to the United States and taken into ICE custody." ECF No. 1 at 2. He does not, however, say where he lived previously, and even if the Court presumes that he resided in the United States, he does not explain how long he lived here. The Government, for its part, provides two documents that provide limited insight into Maashi M. S.'s background. First, the Department of Homeland Security's record for Maashi M. S. notes that he has a Minnesota address and a Social Security number. ECF No. 7-2 at 1. It also notes that Maashi M. S. was previously apprehended by CBP in September 2024, in Campo, California. *Id.* at 3. At that time, he was processed for expedited removal, but an immigration officer found that he had a credible fear of persecution or torture, and he was paroled into the United

2

States on bond. *Id.* at 4. Neither side provides any information about what Maashi M. S. has done since that time.

On April 27, 2026, Maashi M. S. filed this petition. ECF No. 1. He asserts that his detention violates his Due Process rights because he "has not received an individualized bond hearing or any meaningful opportunity to challenge the necessity of his detention since his return," and that the Government has not "clearly identified the statutory basis for [his] continued detention following his return to the United States." *Id.* at 2. The Court ordered the Government to respond to Maashi M. S.'s petition by May 5, 2026, with any reply from Maashi M. S. due by May 12, 2026. ECF No. 4. The Government timely responded. ECF No. 6. Maashi M. S. did not file a reply.

## ANALYSIS

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)). The protections of habeas corpus extend to those in immigration detention. *See INS v. St. Cyr*, 533 U.S. 289, 305 (2001).

Like all habeas petitioners, it is Maashi M. S.'s burden to show his entitlement to relief "by a preponderance of the evidence." *Beavers v. Lockhart*, 755 F.2d 657, 662 n.3 (8th Cir. 1985). That burden is not met by "'vague, conclusory, or palpably incredible' allegations or unsupported generalizations." *Id.* at 663 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). Maashi M. S. has not met his burden.

In his first claim to relief, Maashi M. S. asserts that he "has been detained for approximately 20 days without any individualized custody determination," and that the "absence of any meaningful opportunity to be heard raises serious constitutional concerns under the Fifth Amendment." ECF No. 1 at 3–4. Similarly, his third claim to relief asserts that "[d]ue process requires a meaningful opportunity to be heard before deprivation of liberty," and that the "absence of process renders his detention constitutionally deficient." For support, he cites one case: *Mathews v. Eldridge*, 424 U.S. 319 (1976).

But even if Maashi M. S. is entitled to Due Process, what process he is due depends on an application of *Mathews*'s three-part balancing test. *See Mathews*, 424 U.S. at 334–35 (identifying factors that must be considered and balanced to determine whether "administrative procedures" are "constitutionally sufficient"); *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)) ("[O]nce it is determined that the Due Process Clause applies, 'the question remains what process is due.'"); *Morrissey*, 408 U.S. at 481 ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands."). Relevant here, to determine whether civil detention violates a noncitizen's procedural due process rights, courts consider: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that any such procedural requirement would entail. *Mathews*, 424 U.S. at 335 (citing *Goldberg v. Kelly*, 397 U.S. 254, 263–71 (1970)).

Maashi M. S. provides no discussion about any of these factors, or why *his* detention is unlawful and why *he* is entitled to the relief he seeks.  Instead, he simply asserts that—seemingly as a matter of law—every detained noncitizen is entitled to a bond hearing.  But he provides no authority for such a broad proposition, and it is simply not "this court's job to research the law to support [his] argument."  *Molasky v. Principal Mut. Life Ins. Co.*, 149 F.3d 881, 885 (8th Cir. 1998) (citation omitted).  Without providing context for why he is entitled to a bond hearing, Maashi M. S. does no more than make a conclusory assertion that he is entitled to one.  That is insufficient.  *See Wiggins v. Lockhart,* 825 F.2d 1237, 1238 (8th Cir. 1987) ("In order to warrant relief, or, as an initial matter, even an evidentiary hearing, a habeas corpus petitioner must allege sufficient facts to establish a constitutional claim.  Mere conclusory allegations will not suffice."); *Cesar A. S. v. Brott*, No. 26-cv-2255 (ECT/DTS), 2026 WL 1092936 at *1 (D. Minn. Apr. 22, 2026) (noting that certain factual statements are not in the petition or the record, so the "unsubstantiated reasons do not justify the relief he seeks"); *Sophanthavong v. Bondi*, No. C25-2405-KKE, 2026 WL 638363, at *4 (W.D. Wash. Mar. 6, 2026) (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)) (denying a habeas petition when the petitioner provided "little more than 'conclusory allegations' that his detention is unconstitutional, and therefore [did] not meet his burden of demonstrating by a preponderance of the evidence that he is entitled to habeas relief").

Maashi M. S.'s second claim to relief is even more speculative.  He asserts that the Government has "not clearly identified the statutory authority governing [his] detention following his return from Canada."  ECF No. 1 at 4.  Maashi M. S. argues that this "raises

substantial questions regarding the proper classification of his detention under the Immigration and Nationality Act," and that "[w]here the statutory basis for detention is unclear or inconsistently applied, continued detention is unlawful." *Id.* For starters, he does not explain why this violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Jackson v. Iowa*, 158 F. App'x 755, 756 (8th Cir. 2005) (per curiam) (citations omitted) ("Federal jurisdiction exists over petitions for habeas relief only when such relief is sought by persons 'in custody in violation of the Constitution or laws or treaties of the United States.'"). Maasai M. S.'s conclusory assertion that his detention is "unlawful" does not hold any weight. *Wiggins,* 825 F.2d at 1238; *Beavers*, 755 F.2d at 663. Moreover, the Government asserts that it has identified the statutory basis for his detention: 8 U.S.C. § 1225(b)(2). ECF No. 6 at 2–3. Maashi M. S. filed no reply to the Government's response, and therefore makes no argument that the Government's assertion is wrong or that the purported basis for detention does not apply to him. Again, it is not the Court's job to ascertain a legal basis for Maashi M. S.'s claims, *Molasky*, 149 F.3d at 885.

Because Maashi M. S. has not met his burden to show his entitlement to relief "by a preponderance of the evidence," *Beavers*, 755 F.2d at 662 n.3, his petition must be denied.

6

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Maashi M. S.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**.  This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: June 4, 2026                              *s/Laura M. Provinzino*

                                                 Laura M. Provinzino
                                                 United States District Judge

7